**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4011**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARK DUNAJSKI,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:17-cr-00003-MR-DLH-1)

Submitted: October 30, 2018              Decided: November 30, 2018

Before DUNCAN, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ross H. Richardson, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Dunajski appeals his conviction and sentence for knowingly importing furanyl fentanyl, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 952, 960 (2012). Dunajski pled guilty pursuant to a written plea agreement and was sentenced to 51 months in prison and 3 years of supervised release. On appeal, counsel for Dunajski filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erred in calculating the quantity of drugs attributable to Dunajski. Dunajski filed a supplemental pro se brief, arguing that the appellate waiver contained in his plea agreement is unenforceable and reiterating counsel's suggestion of procedural error at sentencing. The government elected not to file a response to the *Anders* brief.[*]

Dunajski was arrested after federal agents intercepted a package containing one kilogram of furanyl fentanyl that was shipped from China to Dunajski's residence. Four days after Dunajski's arrest and incarceration, federal agents intercepted a second package containing one kilogram of furanyl fentanyl, this shipment apparently intended as a replacement for the first package. On appeal, Dunajski questions whether the district court erred in including as relevant conduct the drugs contained in the second package.

The government must prove the drug quantity attributable to a defendant by a preponderance of the evidence. *United States v. McGee*, 736 F.3d 263, 271 (4th Cir.

---

[*] Because the Government has not sought to enforce the appellate waiver, we are not limited by the waiver provision in conducting our full review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

2013). "Under the [Sentencing] Guidelines, the drug quantities that may be attributed to the defendant include the quantities associated with the defendant's offense of conviction and any relevant conduct." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015). Relevant conduct "includes all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *Id.* (internal quotation marks omitted); *see* U.S. Sentencing Guidelines Manual (USSG) § 1B1.3(a)(1)(B) (2016). "[I]n order to attribute to a defendant for sentencing purposes the acts of others in jointly-undertaken criminal activity, those acts must have been within the scope of the defendant's agreement and must have been reasonably foreseeable to the defendant." *Flores-Alvarado*, 779 F.3d at 255 (emphasis and internal quotation marks omitted). Accordingly, sentencing courts are required "to make particularized findings with respect to both the scope of the defendant's agreement and the foreseeability of the conduct at issue." *Id.* at 256 (emphasis, brackets, and internal quotation marks omitted). "In doing so, the court may consider any explicit agreement or implicit agreement fairly inferred from the conduct of the defendant and others." USSG § 1B1.3 cmt. n.3(B).

We review for clear error "the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). Under this standard, we will reverse the district court's finding only if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

Here, Dunajski admitted to federal agents that, when packages of drugs had been lost or intercepted in the past, the supplier would ship a replacement package to Dunajski

3

without any direct action on his part. We conclude that the district court did not clearly err in finding the replacement package to be within the scope of Dunajski's agreement and reasonably foreseeable to him such that it qualified as relevant conduct under the Sentencing Guidelines.

To the extent that Dunajski challenges the voluntariness of his guilty plea, we have reviewed the record and find his claim to lack merit. Before accepting Dunajski's guilty plea, the magistrate judge conducted a thorough plea colloquy, satisfying the requirements of Fed. R. Crim. P. 11 and ensuring that Dunajski's plea was knowing, voluntary, and supported by an independent factual basis. *See United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). We also note that Dunajski affirmed at sentencing that his answers at the plea colloquy had been and continued to be true and that he was pleading guilty voluntarily.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Dunajski, in writing, of the right to petition the Supreme Court of the United States for further review. If Dunajski requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dunajski.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*